PS-8
8/88

# UNITED STATES DISTRICT COURT

for

# EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

U.S.A. vs. Sonia Michele Herring                                        Docket No. 7:10-CR-133-1

### Petition for Action on Conditions of Pretrial Release

COMES NOW Djoni B. Barrett, probation officer of the court, presenting an official report upon the conduct of defendant, Sonia Michele Herring, who was placed under pretrial release supervision by the Honorable David W. Daniel, U.S. Magistrate Judge, sitting in the Court at Raleigh, NC, on the 28th day of February, 2011, under the following conditions:

- The defendant is placed in the custody of Kelvin Terrell Herring (brother)

- Report to the probation office or supervising officer as directed.

- Maintain or actively seek employment.

- Obtain no passport.

- Abide by the following restrictions on personal association, place of abode, or travel: ED/NC with travel outside the district with prior approval from supervising officer

- Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: Linwood Smith

- Refrain from excessive use of alcohol.

- Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

- Refrain from possessing a firearm, destructive device, or other dangerous weapons.

- Submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which are required as a condition of

    release.

- Participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.

- Participate in the following location monitoring program component and abide by its requirements as the supervising officer instructs: Curfew. You are restricted to your residence every day from 9:00 p.m. to 5:30 p.m., or as directed by the supervising officer.

- Submit to Radio Frequency (RF) location monitoring and abide by all of the program requirements and instructions provided by the supervising officer related to the proper operation of the technology. The defendant must pay all or part of the cost of the program based upon ability to pay as determined by the supervising officer.

- Report as soon as possible to the supervising officer any contact with law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.

- Consent to a warrant less search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

On March 4, 2011, the defendant reported to the US Probation Office in Jacksonville, North Carolina, for installation of electronic monitoring. During the initial installation process, it was discovered there was a problem with the electronic monitoring unit and the probation officer had to request another cellular unit.

On March 11, 2011, the probation officer met with the defendant at her place of employment and she was successfully enrolled in electronic monitoring via cellular phone.

On March 23, 2011, the probation officer received a page alert from G-4S Justice Services indicating the defendant left her residence at 0221 hours. On March 23, 2011, the probation officer received a second page alert indicating the defendant returned to her residence at 0654 hours. On March 23, 2011, the probation officer confronted the defendant regarding the alerts. The defendant denied leaving her residence during the aforementioned times.

Sonia Michele Herring
Docket No. 7:10-CR-133-1
Petition For Action
Page 3

**PRAYING THAT THE COURT WILL ORDER** the violation be held in abeyance and continue supervision. The probation officer plans to enroll the defendant in home confinement using the land line telephone that has just been installed at the residence. Should the defendant incur additional violations, a motion seeking revocation of bond will be submitted.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Kevin L. Connolley | /s/Djoni B. Barrett |
| Kevin L. Connolley<br>Supervising U.S. Probation Officer | Djoni B. Barrett<br>U.S. Probation Officer<br>472-C Western Blvd.<br>Jacksonville, NC 28546-6862<br>Phone: (910) 347-9038<br>Executed On: March 29, 2011 |

### ORDER OF COURT

Considered and ordered this 31st day of March, 2011, and ordered filed and made a part of the records in the above case.

_____
David W. Daniel
U.S. Magistrate Judge